JOSEPH S. HYDE & another *vs.* MECHANICAL REFRIGERATING COMPANY.

Suffolk.    March 3. — May 9 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

If a person contracts to store fruit at a temperature not exceeding a certain height, and decay of the fruit, occasioned by the temperature being allowed to reach a greater height, causes a diminution of market value, such diminution, in an action for breach of the contract, may be considered as an element of damage.

CONTRACT, for injury to a quantity of apples stored with the defendant. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs offered evidence tending to show that they made an oral contract with the defendant, according to the terms of which the latter was to store for the plaintiffs five hundred barrels of apples, at a temperature not exceeding 32° Fahrenheit; and that, in consideration of said storage, the plaintiffs paid the defendant the sum of $81.13.

The plaintiffs further testified that the defendant did not keep the temperature as agreed, but at a higher temperature, namely, about 46°, by reason of which said apples were damaged to the amount of $650, being the diminution in the market value caused by decay; and that this was caused by their being kept at said higher temperature.

The defendant requested the judge to instruct the jury that " the plaintiffs in this action, assuming all the statements made by them and their witnesses to be true, can only recover the amount (if entitled to recover anything) paid by them for storage and interest, not damages for any diminution in the market value of the apples."

But the judge refused so to rule; and instructed the jury that, if they found the agreement to have been made, as alleged, they might consider as an element of damage the diminution in the market value of the apples, if they found that such diminution was caused by the keeping of them at a higher temperature than the one agreed upon.

The jury returned a verdict for the plaintiffs for $420.41; and the defendant alleged exceptions.

*H. J. Stevens & W. B. Durant,* (*J. E. Farnham* with them,) for the defendant.

*C. R. Elder,* for the plaintiffs.

HOLMES, J. If a refrigerating company undertakes to store apples at a temperature below a certain height, decay caused, as it was shown to be in this case, by the temperature being allowed to reach a much greater height, is the specific consequence which the contract was made to prevent; and, if the decay causes a diminution of market value, such diminution may be considered as an element of damage. *Exceptions overruled.*