## PICKETT v PICKETT (2 Cases)

Ohio Appeals, 9th Dist, Summit Co
Nos 1916 & 1918. Decided Dec 18, 1930

Johathan Taylor, Akron, for plaintiff in error.

Artee Fleming, Akron, for defendant in error.

WASHBURN, J.

Two petitions in error have been filed in this court by the plaintiff—one, in case No. 1916, as to the order modifying the decree, and the other, in case No. 1910, alleging that the court erred in sustaining the motion to stay procedings upon the execution to collect said judgment for alimony, although, as has been said, it does not appear from the record that the court entered an order sustaining said motion.

At the hearing in this court, some question was rasied as to the right of the court to decree alimony when there was no allegation in the petition as to property and the prayer of the petition did not specifically ask for alimony.

As to this question we are of the opinion that a court having jurisdiction of the

parties in a divorce action, has the power, under a prayer for divorce and for general relief, in the event a divorce is granted, to adjust and settle the rights of the parties with respect to the nature and amount of alimony that shall be awarded.

**Julier v. Julier, 62 Oh St 90.**

**Downing v. Downing, 18 Oh App 223.**

As to the order modifying said decree by striking therefrom the judgment as to alimony, it is to be noted that the motion was filed during the same term and within three days after the decree was entered, and that the Common Pleas Court, which is a court of general jurisdiction, had control of such decree and an inherent discretionary power, founded upon the common law, to modify said decree, provided only it did not abuse its discretion in so doing (**First Natl. Bank of Dunkirk v. Smith, 102 Oh St 120**), and that an abuse of discretion in so doing cannot be presumed by a reviewing court (**Smith v. Smith, 25 Oh Ap 239**). We make no attempt to collect the authorities, which are numerous, which hold that it is a fundamental law that during the same term of court at which a judgment is rendered, the court has full control of its orders and judgments, being limited only by the principle that in opening up or setting aside judgments there must be no abuse of discretion.

We have carefully examined the record in this case, and find that there was no abuse of discretion on the part of the trial judge in sustaining the motion to modify said decree. It is apparent from the entire record that the plaintiff did not seek a judgment for alimony and that the judgment for alimony was entered by the court without suggestion from plaintiff's counsel, and that upon the hearing of the motion the trial judge came to the conclusion that in entering the judgment he was misled by certain testimony of the plaintiff given in the hearing for the divorce, but for which he would not have made the order.

A review of the testimony given by plaintiff upon the hearing for divorce and his testimony given upon the hearing on the motion, tends to support that conclusion of the trial judge, and we fail to find that the court abused its discretion in making the order striking from the decree the judgment for alimony, and the judgment in case No. 1916 is therefore affirmed.

As to case No. 1918, if the court had made an order dismissing the proceedings in aid of execution, we would affirm that also, because that proceeding would fall with the judgment; but as has been said, no such order was made, and therefore the petition in error in that case will have to be dismissed.

Funk, PJ, and Pardee, J, concur.