**RIEBEL v RIEBEL**

Ohio Appeals, 2nd Dist, Franklin Co

No 2301. Decided Oct 28, 1933

Ballard & Hensel, Columbus, and D. B. Ulrey, Columbus, for plaintiff in error.

Stuart R. Bolin, Columbus, for defendant in error.

## OPINION

By BARNES, J.

Very voluminous and helpful briefs have been filed by counsel representing the respective parties.

We have carefully read the record, containing some four hundred pages. We have likewise examined the authorities cited by counsel, and further have made an independent investigation on some of the questions involved.

It shall not be our purpose in this opinion to refer to all of the cases or sections of the statute cited, nor to make verbatim recitals from the record, but rather to state our conclusions on the several questions raised together with such references to sections of the General Code and decisions as we deem necessary.

At the outset it must be understood that we are not making an original determination of this cause, but rather we are reviewing the orders, judgments and findings of the lower court.

It is not a question as to whether or not, if we were sitting as a trial court, we would in any or all respects make similar findings. On the question of the determination of facts they will not be disturbed unless so manifestly against the weight of the evidence as to shock the conscience. Of course, on all questions of law it is our function to determine whether or not there is any prejudicial error.

The divorce having been granted to the plaintiff and no error prosecuted therefrom, we must accept this determination as final.

The plaintiff presented evidence questioning the fitness of the defendant to have the custody of these two minor children, but there was an abundance of evidence introduced on the other side.

On the question of support of the minor children we start out with the well-recognized principle that the father is chargeable under the law with their maintenance. There could or should be no question that an allowance should be made to the defendant for support. The sole and only question is the amount.

The plaintiff is a physician practicing his profession in the City of Columbus. There was presented to the trial court evidence of the gross and net receipts. So far as this discloses the plaintiff had no other income. It also appears that the defendant had no income. In determining this question the trial court was limited to the evidence that was presented at the trial.

Considering the evidence of earning capacity, the manner and standard of living maintained by this family when residing together, we find no reason for disturbing the judgment of the trial court.

In the brief of counsel for plaintiff it is urged that the trial court should have granted a new trial on the ground of newly discovered evidence. Affidavits were submitted supporting this claim. Nothing in these affidavits could be considered as supporting this ground for new trial for the reason that nothing in any of the affidavits related to any facts existing before the date of trial. A number of the affidavits related to facts, situations or conditions occurring after the hearing and before the final judgment of the court. The proper procedure to present this evidence, if competent under any circumstances, would have been to have presented a motion to the trial court to open up the case for the introduction of further testimony and on an adverse ruling to have preserved the record on the question of abuse of discretion. It is very hard to see how much of this claimed newly discovered evidence could be such, even if properly before the court. Certainly the claim that the defendant was slovenly and unclean in her

personal appearance, and not keeping the children clean and orderly, would be known before the hearing, and if so, it would not be newly discovered evidence. The mere fact that plaintiff may not have known of these particular claimed witnesses would not be sufficient since on this question it could not be considered anything more than cumulative. The evidence of Morton Payne relating to claimed improper relations of the defendant with Paul Kaekley was purely hearsay and therefore incompetent.

The order of the court as to the custody of the children is a continuing one and subject to modification on application and proof of unfitness. This court has no jurisdiction at this time to determine any question of modification of the order on evidence of situations occurring since the original hearing. This procedure is prescribed under the Code on application to the Common Pleas Court.

The second ground of error set out in the petition in error may be passed with the comment that we find nothing in the record sustaining counsel's contention.

The allowance of temporary alimony and maintenance prior to the granting of the divorce to the plaintiff was warranted under the evidence and the law. When this order was first made the plaintiff and defendant were still husband and wife. At the time of the granting of the divorce the monthly installments under the temporary order had not been paid in full. The allowance of a lump sum for alimony and support is contained in the final decree, and was not in any sense a permanent order for alimony but, as stated by the court, a determination of the balance due on the temporary order carried into the final decree and ordered paid by a certain day. In making this calculation the court reduced the amount below the original allowance. Of course, the plaintiff can not complain of this reduction in his favor.

On the question of the allowance of $100.00 to be paid to Stuart R. Bolin, counsel for defendant, we find no authority for such allowance under the pleadings and the record. In the answer and cross petition of the defendant no prayer is made for expenses of suit. In motion filed November 12, 1931, counsel for defendant asks for support of herself and minor children pending the determination of the cause, but does not include expense of trial. The court's order relative to the payment of this $100.00 is found in the entry of January 5, 1933, and reads as follows:

"It is further ordered, adjudged and decreed that plaintiff shall on or before the 14th day of January, 1933, pay * * * the sum of $100.00 to Stuart R. Bolin, counsel for said defendant, for services rendered."

Under the law, as we understand it, it is irregular for the court to make an order to pay direct to counsel for the wife.

Volume 14, Ohio Jurisprudence (Divorce) §64.

Black et v Stuart, 28 O.C.A., 433.

An attorney for wife in divorce action can not recover fees in independent action. Sherer v Price, 3 C.C., 107.

This is an irregularity that this court could very readily correct by ordering the amount paid to the defendant, Mildred Riebel, for her counsel fees if the prayer of the petition or the motion for support pending suit was broad enough to include this expense. We have searched the pleadings but can find nothing authorizing the order.

Counsel for plaintiff in error urge that the allowance of maintenance money and alimony to the defendant in error is not supported by any evidence as to the ability of plaintiff in error to pay either maintenance money or alimony. Under the law in this state, where a divorce is granted to the husband on the wife's aggression, no allowance for alimony can be made to the wife. There is the authority under §11993, GC, to make a division of property, but an allowance in installments can not be made under the guise of a division of property in the absence of evidence that the husband possesses property. In the instant case there is no evidence that the husband owned any property, and therefore no allowance as alimony payable in installments could be made to the wife. Of course, this rule would not apply to a temporary allowance made before the divorce was granted.

The monthly allowance that was made in the final order is exclusively for the support of the children, and this is authorized on the basis of prospective earning power. Plaintiff contends that his earning power will not warrant the payment of the amount allowed and attempts to present, following the hearing of November, 1931, a statement of his receipts and disbursements as taken from his book of accounts. As heretofore stated, this court can consider nothing except evidence contained in the record.

If the earning power of the plaintiff is reduced so that he is unable to comply with the court's order, this question can only be

determined on an application in the Common Pleas Court for modification.

Other than the order to pay $100.00 to counsel for defendant, we find no error in the record. Entry may be drawn accordingly. Exceptions will be allowed to both parties.

HORNBECK, PJ, and KUNKLE, J, concur.