## PARKER v PARKER

Ohio Appeals, 2nd Dist, Franklin Co

No 2879. Decided Nov 22, 1938

W. A. Gray. Columbus, and Chester & Keyser, Columbus, for plaintiff-appellant.

Druggan & Gingher, Columbus, for defendant-appellee.

**OPINION**

By GEIGER, J.

This is an appeal from the Court of Common Pleas, Division of Domestic Relations, from an order made in that court fixing the alimony of the appellee, on her cross-petition for divorce and alimony.

The petition filed by the husband alleges that the defendant has been guilty of gross neglect of duty, prays that he may be divorced from the defendant and be awarded the custody of the children; that each of the parties be barred of any right or interest in the property of the other.

The answer admits certain allegations and denies others and by way of cross-petition alleges that the defendant has been guilty of gross neglect of duty. The cross-petition prays that she may be divorced from plaintiff and that she may be awarded the custody of said children and temporary and permanent alimony and expense money and for other relief.

During the pendency of the action and after the plaintiff had asked and been denied leave to withdraw his petition he took the two children and left the jurisdiction of the court supposedly going to Texas.

On account of the disappearance of the plaintiff no personal service was made upon him, but service by publication. By the publication notice was given to the plaintiff, whose place of residence is unknown, of the filing of the cross-petition, the prayer for divorce on the ground of gross neglect and that she be awarded alimony and custody of their minor children, but there was no description of the real or personal property of the plaintiff afterward awarded as alimony.

The twin children, Peggy and Joanne, eleven years of age, appearing by a next friend, moved the court to suspend or modify its decision with respect to their custody and allow them to choose their father as the person with whom they desired to live. Notice of appeal was given on questions of law by Chalmers M. Parker, plaintiff below, from the judgment and decree rendered on the 12th of January, 1938.

The assignment of errors is covered by five paragraphs and is to the effect that the court erred in ordering the appellant to pay $500.00 in cash and $200.00 per month; in ordering the appellant to pay appellee's counsel $750.00 to be a lien against plaintiff's real estate; erred in granting to the appellee the real and personal estate described in the entry and the custody of the children. The appellant states that the assignments of error are predicated upon the contention that the court had no jurisdiction to make the orders and the appeal is made solely for the purpose of questioning the jurisdiction of the court to make

said orders and that appellant appears solely for that purpose and disclaims the entry of appearance.

The matter below is not greatly different from the ordinary divorce cases where there is an answer and cross-petition, save that the plaintiff asked and was refused leave to withdraw his petition and that during the proceeding he left the jurisdiction of the court so that no service could be made upon him upon the defendant's cross-petition save by publication. The questions raised involved the allowance of alimony out of the defendant's property upon service by publication.

The plaintiff complains of the action of the court in refusing to sustain his motion to be allowed to dismiss his petition. He based his right to do so upon §11586 GC which provides that an action may be dismissed without prejudice to a future action: (1) By the plaintiff before its final submission to a jury or to the court, when the trial is by the court; (2) by the court when the plaintiff fails to appear on the trial.

Counsel in his brief cited the case of Fugitt v Lake Erie & W. R. Co., 286 Fed 556, wherein Judge Killits holds that under the provision of the statute the court "may" dismiss, but the statute does not require the court to so dismiss for reasons given in the section. This case seems to us to be inapplicable for the reason that it deals exclusively with the right of the court to dismiss an action and not with the right of the plaintiff to dismiss the action. The statute itself seems to give to the plaintiff an unqualified right to dismiss the action before its final submission to the court. There are, however, a number of cases qualifying this right. A plaintiff after an answer amounting to a counterclaim has been filed can not dismiss the action. Wiswell v Church, 14 Oh St 31. Where the petition sets forth facts showing that conveyances were made in contemplation of insolvency to secure favored debtors and an answer and cross-petition has been filed, the plaintiff can not dismiss the action. Brinkerhoff, Trustee v Smith, 57 Oh St 610. In the case of Bank v Weyend, 30 Oh St 126, Scott, J, delivering the opinion of the court quotes the statute giving the right to the plaintiff to dismiss without prejudice and says:

"In the exercise of the right thus clearly given the plaintiff in the court below dismissed his action without prejudice, * * *."

In the case of State ex v Cook, 124 Oh St 478, the court holds that in an action tried to the court where counsel is granted leave to file briefs, the action is not finally submitted under §11586 GC until such briefs are filed and until the time is expired.

"Prior to such time a plaintiff may dismiss his action without prejudice to a further action."

On page 483 Judge Jones delivering the opinion of the court states:

"The statute is clear and unambiguous, and we are unable to construe it otherwise than to authorize the plaintiff to dismiss his action voluntarily before its final submission, and that its final submission contemplates its submission upon the law and facts after argument. If a different procedural remedy is required it should be supplied by the Legislature rather than the court."

On page 484 the statement in the syllabus is supported in detail. See Turner v Hope Motor Car Company, 79 Oh St 153; Laub Baking Company v Middleton, 118 Oh St 106.

However it does not occur to us that the matter is of consequence; the rights now under consideration are based upon the answer and cross-petition of the defendant except as to the right of the defendant to have alimony pendente lite, which is incident to the filing of the petition and not to the filing of the cross-petition. Upon the defendant having filed her cross-petition she set up a cause of action against the plaintiff which may not be controlled by any desire of the plaintiff to dismiss the petition. The proceeding under the cross-petition must take its course as if it were a petition filed by the defendant in the capacity of a plaintiff. The statutes relating to service of process in divorce and alimony cases apply to cross-petition for divorce or alimony filed by the defendant against the plaintiff and the statutory provision requiring the six weeks to elapse applies to the cross-petition. Calvert v Calvert, 130 Oh St 369; Bargdill v Bargdill, 19 N.P. (N.S.) 120, (By Geiger).

The statutes relating to divorce and alimony are covered by §§11979-12003, GC, and those that may be pertinent to the questions raised may be summarized as providing for personal service, and if the defendant is not a resident or if the defendant's residence is unknown, notice of the pendency may be given by publication. If the

divorce is granted because of the husband's aggression, the court shall allow such alimony out of the husband's property as it deems reasonable and such alimony may be allowed in real or personal property or both or by decree to the wife, such sum of money payable either in gross or in installments as the court deems equitable. On notice to the opposite party of the time and place of the application the court may grant alimony to either of the parties for sustenance and expenses during suit and allowance for the support of the minor children. An injunction may be allowed preventing the disposition or encumbrance of property. If a petition for divorce has been filed by the husband the wife may file a cross-petition for alimony with or without a prayer for the dissolution of the marriage contract.

The attack is made upon the order of the court under the claim that the court could not award alimony out of the plaintiff's property upon service by publication, unless in the petition seeking such alimony the property sought to be subjected may in some way be brought within the jurisdiction of the court, and if such was not done by the party seeking alimony, the court has no jurisdiction to award the property as alimony or to encumber the same by an award of alimony in a gross sum.

The court in the final entry awarded to the defendant "expense money" in the sum of $750.00. This allowance is not questioned. The court had a right to ▆▆▆▆ award this under the provisions of §11994 GC, irrespective of any question that might arise as to permanent alimony because of service by publication, for the reason that this was a proper award incident to the filing of the petition. Norton v Norton, 111 Oh St 262.

As to the amount ordered to be paid to the defendant's counsel in the sum of $750.00, the same to be a lien upon the real estate superior to the rights of the defendant and the award made to her, we are of the opinion that the court has ▆▆▆▆ no authority to make such an award in addition to the $750.00 allowed as expense money. The court can not award a sum to counsel direct to the exclusion of the litigant but of course may take into consideration counsel's fees in making the award for expenses during the suit, and we are of the opinion that the amount so awarded to defendant's counsel is without warrant and that the final entry should be so modified. **Reibel v Reibel, 15 Abs 233;** Garber v Garber, Mont-

gomery, unreported. No. 1502, July 25, 1938.

This brings us to the final question as to the right of the court to decree that the defendant shall have and possess for alimony the real estate and personal property described in the entry, and the right of the court to make the order decreeing the additional sum of $500.00 to be paid forthwith and the sum of $200.00 per month.

It is unfortunate that counsel for the defendant have so conducted the proceeding in this case as to take the allowance made for the defendant out of an assured position and place it in the twilight zone of uncertainty. Had the cross-petition described the real estate and the personal property and asked that it be allowed as alimony, and the advertisement contained same, there could be no question under the decisions in Ohio that the court would have authority to award such real estate and personal property to the defendant as and for alimony even though there be no personal service upon the plaintiff. **Benner v Benner, 63 Oh St 220; Tollerton v Williard, 30 Oh St 579; Cook v Mozer, 108 Oh St 3; Reed v Reed, 121 Oh St 188; Hamlin v Beavan, 7 O. Pt. 1, 161.**

The case of Reed v Reed, supra, is especially interesting as it reviews a large number of cases of this and other states. A copious citation of authorities is made on page 196. An examination of these cases discloses that in all or practically all of them the property subjected to the alimony was described in the petition or in some way brought within the jurisdiction of the court. Had counsel for defendant followed the guidance of the above cited cases and described the property, the question as to the right of the court to apply it to the decree for alimony would be simple. There are, however, a number of authorities which hold that unless the property has been described in the petition or in some way brought within the jurisdiction of the court, the court has no authority to award it as alimony where the service has been by publication.

A comparatively late case is that of **Gross v Wickfeldt, 28 N.P. (N.S.) 333.** While this case was a Nisi Prius Court case, the judge delivering the opinion is now a member of the Court of Appeals of the First Judicial District. In a decision this court, following the reasoning of Benner v Benner, supra, says:

"Where the plaintiff in an action for alimony alone brings suit in the county of

her residence, the fact that the plaintiff has not by any process brought that property of the defendant located in the same county within the control of the court prevents the court from taking jurisdiction of the same."

### Spyglass v Spyglass, 26 Oh Ap 222.

In view of the holding of the court in the case of Reed v Reed, supra, it is probable that this case goes too far in holding that the property must be brought within the control of the court. It is sufficient, we think, if the property be described in the petition.

In 64 A.L.R. 1384, the case of Reed v Reed is reported with annotations beginning on page 1392. The cases cited under the annotations hold that where the court has acquired jurisdiction over the land, alimony could be made a charge against it, but that this may not be done on constructive service where the property has not been impounded, or, as held in Reed v Reed, at least described; that in actions for divorce brought against a nonresident service by publication gives the court full jurisdiction to fix the marital status or relations of the parties, but that as to property it must appear that in some manner the court has by attachment, injunction or sequestration, laid hands upon the property. Other courts hold that this is not necessary where the property is described and the prayer is that on final decree it be awarded to the party seeking the alimony.

In 29 A.L.R. 1371, the case of Closson v Closson, 215 Pac. 485 (Wyoming) is reported. In the annotation on page 1381, it is stated that the invalidity of a decree in personam where jurisdiction of the land has not been acquired, may be assumed. It is stated as a general rule that a purely personal decree or judgment for alimony rendered against a nonresident notified by publication is void, yet a different rule prevails as to the property of such party which is within the jurisdiction of the court, and that where the situs of the property is such as to support a proceeding in rem, that constructive service will give jurisdiction to the court to render a decree which is binding upon the property which has been specifically proceeded against. Where the property has not been proceeded against the rule supported by the weight of authority is that one of the requisites to a valid decree of alimony enforceable against the property which is within the jurisdiction of the court is that there must be something in the suit to make it in effect a proceeding against the property, something which will serve to characterize it as a proceeding in rem or quasi in rem as by description thereof in the petition, prayer for relief, seizure of property, receivership, etc. Otherwise, a decree can not be enforced against the property which the defendant may then have or which he may thereafter acquire within the jurisdiction of the court. It is held in a number of cases that it is not necessary that an attachment be issued seizing the property where the complaint set forth a description with a proper prayer as to its application to the alimony or the property in some way is directly made the subject of the action.

Where an award against specifically described property has been sought the proceeding has been regarded as one in rem so as to give the court jurisdiction.

It may be well to explore more searchingly the applicable Ohio cases, not endeavoring to examine them all critically. Benner v Benner, 63 Oh St 220, holds that service by publication is authorized in an action for alimony where the husband has deserted the wife and where the only relief sought is the appropriation of real property situated in the county where the action is brought, to the payment of alimony. Such an action is substantially one in rem and the court has jurisdiction at its commencement to grant a preliminary injunction preventing the disposition of the property pending suit and on completion of the service of publication to decree the relief. The wife in her petition set up certain facts and specifically described the property and prayed the allowance out of the property of a reasonable amount as alimony and a sufficient sum for the support of the child. The service was by publication and a preliminary injunction was granted to prevent the defendant from disposing of the property.

The court quotes with approval Pennoyer v Neff, 95 U. S. 714, holding that service by publication may be sufficient to inform parties of the object of the proceeding where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner and it proceeds upon the theory that its seizure will inform him not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon seizure for condemnation and sale.

Justice Williams says on page 227:

"It is not enough that property may be discovered and reached on execution after the judgment is rendered. Control of the property by the court before the rendition of the judgment is essential to the jurisdiction to render it; and if rendered without such jurisdiction it can not be made valid by the subsequent seizure of property of the defendant. But we do not understand it is necessary, in order to bring the property under the control of the court that it shall be actually taken on attachment or other writ. Any other act by which the court takes charge of property or asserts its control over it is sufficient within the meaning of the rule, for the purpose of jurisdiction."

The case of **Reed v Reed, 121 Oh St 188,** holds (1) Service by publication is authorized by §§11292 and 11984 GC in an action for divorce, alimony and equitable relief and the court has power to make an alimony decree where the only relief sought is the appropriation of the property of the husband situate within the county to the payment of alimony; (2) such an action is substantially one in rem and when the petition specifically describes the real property in question, the court has jurisdiction upon completion of service by publication, and hearing upon the merits to decree the relief sought; (3) the decree entered in one county may be made a lien upon the real estate of the defendant lying in another county. This is a very well considered case citing many authorities. The court, through Judge Allen, states on page 193 that the question as to whether this action stated a prayer for relief in personam or in rem is the very gist of the controversy. On page 195 Judge Allen states that the decision in certain cases enumerated and commented upon are conclusive of the question, and further states:

"Moreover an examination of the authorities shows that the weight of decisions of the courts of last resort is to the effect that the court which renders a divorce or alimony decree has power upon service by publication to apply toward payment of an alimony decree real property situate within such state and belonging to the nonresident defendant." Citing numerous cases.

It will be observed that this naked statement does not make it essential that the real estate be described in the petition or otherwise brought within the jurisdiction of the court. As above stated the cases cited on page 196 are almost exclusively those in which there has been a description or some seizure of the property sought to be appropriated. On page 198 Judge Allen states that these decisions must be grounded upon the proposition that an application for alimony which prays for the appropriation of specific real property lying within the state exhibits the main features of an action in rem. She comments at length upon the decision of Blackington v Blackington, 141 Mass, 432, upon which we shall later comment. The judge states on page 199 that the majority of the court regards the action with its specific description of particular parcels of real estate and with the prayer for appropriation of these parcels to the alimony as being a proceeding for the regulation of the marriage status and hence as constituting essentially an action in rem. On page 200 it is stated that two other questions arise:

First, whether the plaintiff brought the property within the jurisdiction of the court in her action so that it can be said to have been sequestered and held within the control of the court for final decree; and second, whether property in another county can be subjected to the payment of alimony awarded in Cuyahoga County. Both these questions are decided in the affirmative. It is held that alimony is an incident of the divorce proceeding and when the action is rightfully brought any land within the operation of the laws of the state and which has been brought within the control of the court may be appropriated as alimony. While certain specific paragraphs might leave out of consideration whether the land was described or otherwise brought within the jurisdiction of the court, yet the fair conclusion is that the holding is based on the fact that the land has been specifically described.

The case of **Hamlin v Bevins, 7 O. Rep. Ft. 1, p. 161,** holds that a decree of alimony charged upon the real estate where the petition is in general terms binds the estate only from its rendition and must be postponed to judgments rendered while the petition was pending. The suit was brought by one claiming title under the wife whose title was derived from a decree divorcing her husband and assigning her the lands in dispute for alimony. The petition for alimony was in general terms describing no land and containing no specific prayer for alimony. The case does not distinctly show whether the service was personal or by publication in the alimony case but indicates that it was personal ser-

vice by the statement, "After the service of process in the divorce case and judgment was rendered", etc. The court through Justice Collett, states that the bill alleges no claim for any specific tract of land nor asks alimony by way of annuity upon the real estate.

"The court makes such special decrees without specific prayers in the bill charging the rents and profits of the land with alimony. But no reason is perceived why such charge should operate as a lien until the decree is pronounced fastening it upon a particular property."

This case seems to hold that a decree for alimony may become a lien upon the defendant's property even though the property were not described in the petition, but that such an action is not lis pendens as to other creditors. It may be that the fact that there may have been a personal service is the basis for permitting the decree for alimony to be satisfied out of the real estate of the husband even though such real estate may not have been described in the alimony petition, but the case does seem to give support to a claim that the real estate taken need not be described but that the penalty for such failure to describe the real estate is simply a postponement of the alimony judgment to other liens acquired during the pendency of the alimony case.

Counsel for the defendant-appellee cites cases intended to support the jurisdiction of the court. These will be briefly noted. Coffman v Finney, 65 Oh St 61, holds that where a decree of divorce has been pronounced in favor of the wife the right to alimony out of the husband's real and personal property becomes vested by force of the statute and a judgment for the same is a debt against the husband's estate. The question at issue largely related to the question as to whether the judgment for alimony survives the death of both the parties, and the order of the court did not definitely sequester specific real estate to the payment of the alimony judgment. The contention between the parties was whether the suit for alimony was strictly personal and upon the death of the parties-defendant abated. The court held that the death did not vacate the judgment. The court says:

"Upon the declaration of divorce by the Common Pleas Court for the aggression of the defendant the law vested the right

in the plaintiff to an allowance of alimony from the defendant's real and personal property. This right was an absolute one, and 'shall be allowed' is the imperative language of the statute. To the court was left simply the fixing of the amount."

The case does not disclose whether there was a personal service or service by publication and so it is not of much value.

Pickett v Pickett, 9 Abs 494 holds that a court having jurisdiction of the parties in a divorce action has power to award alimony under a prayer for divorce and general relief, although there is no allegation as to property and the prayer does not specifically ask for alimony. The petition made no reference to property and there was no specific prayer for alimony but for divorce and such other and further relief as to the court may seem equitable. In this case the defendant did not file any pleading "although duly served with process." At the hearing the question was raised as to the right of the court to decree alimony when there was no allegation in the petition as to property and the prayer of the petition did not specifically ask for alimony and the court held as above stated, relying upon Julier v Julier, 62 Oh St 90. That case holds that in an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of alimony that shall be awarded, etc. In the divorce case an agreement between the parties was embodied in the judgment. We do not find it definitely stated whether or not there was personal service. The court on page 112 quotes Petersine v Thomas, 28 Oh St 596 to the effect that under the statute a divorce contemplates a final separation and when not otherwise provided at the time of decreeing the divorce, the court will adjust all the pecuniary rights of the parties, springing out of the marital relations. The case does not seem to furnish us much assistance. The other case relied upon in the decision of Pickett v Pickett was Downing v Downing, 18 Oh Ap 223. This case holds that when a divorce is granted the wife the court may award alimony although no claim therefor is set up in the petition and it is not necessary that the petition aver or the proof show that the husband is possessed of property. The court holds that alimony is an incident to divorce and the claim therefor need not be pleaded if the

divorce is granted, relying on Julier v Julier, supra.

Another case relied upon is **Young v Young, 10 Oh Ap 351,** from which a quotation is made. The case cited has nothing to do with the question at issue except to say on page 356, "in reference to the claim that the court has no jurisdiction in the alimony proceedings, we are of the opinion that under the decision of our Supreme Court in Benner v Benner, the court acquired jurisdiction to decree the property in question and that the proceedings in that case were regular."

Other cases cited by counsel have been commented upon except the case of **Stark v Stark, 28 N.P. 36,** where the court holds that in a divorce case where the parties are properly before the court the court is vested with ample authority to make a full, complete settlement of the property rights. There was no cross-petition in this case and no question of service by publication.

There is a line of cases that give some support to counsel's claim that there need be no description of property to give jurisdiction to the court. One of much interest is Blackington v Blackington, 144 Mass. 432, 5 NE 830. The parties were residents of Massachusetts until the husband left his wife and resided in New York. The wife sued for divorce giving notice under the Massachusetts statute. It was held that the service was sufficient and the decree was properly entered against the husband. In deciding the case Holmes, J., stated in effect that there was no doubt that the court possessed jurisdiction notwithstanding the husband's change of domicile. The question whether the statute confers power to order the payment of money for maintenance is difficult. It is intimated that to decree a divorce against the defendant domiciled elsewhere does not carry with it authority to decree alimony, but the statute recognizes no such distinction, does not contemplate jurisdiction for one of its purpose and want of jurisdiction for another. The whole proceeding is for the regulation of a **status.** The incidents of the status are various, some concerning the person, some concerning the support of the petitioner or her child. The order to pay money is not founded upon an isolated application as in the case of the contract or tort, but upon a duty. The status considered as a whole is subject to regulation here, although it involves relations with another not here, because such regulation is necessary rightly to order the daily life and secure the

comfort and support of the party rightfully living within the jurisdiction. This case is quoted more at length by Judge Allen in **Reed v Reed, 121 Oh St at page 198.**

The case of Twing v O'Meara, 59 Iowa, 326, holds that where upon a proper notice of publication the court obtained jurisdiction of a divorce proceeding it thereby obtained jurisdiction of the cause for **all purposes** including the allowance of alimony so far as the subject matter out of which the allowance was made was within the jurisdiction of the court, and where the divorce proceeding prayed only for such alimony as may be deemed equitable the court had jurisdiction to set apart as alimony the specific property, **although it was not particularly described in the petition.** It was claimed that the court had no jurisdiction because there was no statutory ground for attachment and that as the property is not described in the petition and the plaintiff did not pray that the specific property should be set off, that the court had no jurisdiction to award the property as alimony. The court holds that neither the attachment nor the description is essential to the jurisdiction. The plaintiff asks to have a decree for such alimony as may be deemed equitable. This prayer was sufficient to authorize the court to give the relief granted which was the application of the property to the alimony claimed.

In the case of Closson v Closson, supra, 215 Pac. p. 490, there are a number of cases cited along with Twing v O'Meara, but in all but one there was a specific description of the real estate.

In the case of Goore v Goore, 24 Washington, 139, 63 Pac. 1092, it is held that under the Code of that state, where an affidavit for publication alleges that defendant's residence was unknown and the action was for divorce it was not necessary to mention defendant's property in order to authorize publication and give the court jurisdiction to make a decree concerning the property. The case is interesting and it holds that there is no requirement that the affidavit showing nonresidence when the action is for divorce, shall mention the property and such statement was not necessary in order to authorize publication. The disposition of the property and the children is a mere incident to the divorce. It follows from the action itself. It is no more necessary to mention the property in the affidavit than it is to mention the children. It is enough to state that the defendant can not be found and that the action is for divorce. The court points out

possible distinctions between the statute in Washington and that of other states in which it has been held that the petition must describe the property, but we see no particular difference from our own statute. A number of supporting cases are cited.

The whole matter resolves itself to this, that in Ohio it is clearly held that if the petition does describe the property or the property is in some way taken into the possession of the court, it is sufficient to authorize the court to make the application of the property to the finding for alimony, and that pending the decision the proceeding is **lis pendens** and prevents the assertion of judgment liens obtained after the beginning of the divorce proceeding. However, it is not clearly and definitely held, except possibly in the Benner v Benner case in an obiter statement, that in order to obtain jurisdiction to do other than grant the divorce, there must be a description or seizure of the property. It is possible that the way is still open in Ohio to explore further, as to the proper determination of the question where the petition, or as in this case, the cross-petition, contains no description of the property but simply prays that the cross-petitioner may be divorced from the plaintiff and be awarded the custody of the children, and for temporary and permanent alimony and expense money and for such other and further relief to which she may be entitled in the premises, and where the affidavit of publication makes no reference to the real estate but simply recites the prayer of the petition that she be awarded alimony and the custody of the children as to whether such a petition and the publication gives the court jurisdiction to make the alimony award a lien upon the property as was done in this case.

We are interested in those cases that hold that the action is one in rem touching the status of the parties and that the allowance of the alimony and the seizure of the property for the satisfaction of such a decree is incidental merely and that if the court has jurisdiction by reason of publication for the purpose of granting the divorce, such jurisdiction could extend to the application of the property although it is not described or otherwise sequestered. However, we are forced to the conclusion that under the laws of Ohio █ as now declared by the Supreme Court there must be some taking of the property or description thereof before the court secures jurisdiction by publication for its application to alimony.

Another question that is presented is the care and custody of the children. It appears that both the girls, being twins, are now eleven years of age and there appears in the record a choice by them of their father, the court having awarded them to the mother.

Sec 8032 GC provides that where the husband and wife are separated and the question of the custody of the children is brought before the court, the husband and wife shall stand on an equality. §8033 GC provides that upon the hearing of testimony of the parents and other evidence the court shall decide which one shall have the custody of the children taking into account their past interests, except ██ that if such children be ten years of age or more they must be allowed to choose which parent they prefer to live with, unless the parent so selected by reason of moral depravity, habitual drunkennecss or incapacity be unfitted to take charge of such children, in which event the court shall determine their custodian. There are a number of affidavits submitted in this case, but not brought within any proper bill of exceptions touching the relative qualifications of the parents for the custody of the children. Some of the affidavits seek to disqualify one parent and some to disqualify the other. We having no evidence other than the affidavits not incorporated in the proper bill have no means of passing upon this question and therefore must hold that the choice of the children as appears in the record must prevail.

We are therefore of the opinion that the entry appealed from should be modified in all respects including the allowance of a gross and monthly sum for alimony, and must be reversed except so far as it relates to the allowance of alimony pendente lite, which allowance may stand.

Judgment accordingly.

BARNES, PJ, and HORNBECK, J, concur.