**WILLIAMS, Plaintiff-Appellee, v. WILLIAMS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1908.  Decided December 12, 1946.

Samuel Gerson, Dayton, for Plaintiff-Appellee.
Harold E. Smock, Dayton, for Defendant-Appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, Ohio.  The action was one for divorce on the grounds of gross neglect of duty and extreme cruelty, to which the defendant filed an answer and cross-petition for divorce also on the grounds of gross neglect of duty.  The Court found the defendant guilty as charged in the petition, and because of the aggressions of the defendant, the plaintiff was awarded as and for alimony the real property owned jointly by the parties, and the personal property consisting of household goods was also awarded to the plaintiff.  The record discloses that the personal property had

always been the property of the plaintiff. The Court further ordered that the plaintiff pay to the defendant the sum of $500.00 in full of any claim or claims he has or may have against the plaintiff in so far as any rights in the real and personal property are concerned, and further ordered that the defendant execute a deed to the plaintiff herein for his undivided one-half interest in and to said real estate.

The assignments of errors may be epitomized as follows:

(1) The Court erred in granting to the plaintiff an excessive award for alimony.

(2) The Court erred in awarding the plaintiff alimony in the absence of any motion, obligation or request for same.

(3) The judgment is against the weight of the evidence and contrary to law.

(4) Prejudicial errors of law occuring during the course of the trial.

We find nothing in the record to support the third and fourth assignments of errors as above enumerated. Evidence was offered by both parties to support their respective claims and since the trial court is the sole judge as to the credibility of the witnesses we cannot say that he erred in giving greater weight to that of the plaintiff than that offered by the defendant.

We find no prejudicial errors of law occurring during the course of the trial.

Next, did the Court err in making an alimony award and was the same excessive?

The petition makes no express request for alimony, but does contain a prayer "for such other and further relief to which she may be entitled either in law or in equity." Under **§11990 GC** the allowance of reasonable alimony out of the husband's property is not only proper, but is mandatory. See **Fisher v Fisher, 45 Abs 247; 14 O. Jur. 466.** In order to be awarded alimony it is not necessary that it be prayed for in the petition. The general prayer for equitable relief is sufficient. In **Julier v Julier, 62 Oh St 90,** the Court says, syllabus 3:

"In an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded, and the terms and conditions of its payment, and in doing so, to confirm any agreement of the parties concerning the same that appears to be just and reasonable, and render a decree in conformity therewith."

See also Stark v Stark, 28 N. P. (N. S.) 36; **Pickett v Pickett,** 9 Abs. 494.

After a careful examination of the record we are of the opinion that the award to the plaintiff was reasonable. The record discloses that the real property, which consisted of the home in which these parties resided, was purchased in 1936 for $1600.00, and that today it is worth approximately $3900.00. There is a mortgage on it for approximately $500.00 which would leave an equity of approximately $3400.00. The record discloses further that several rooms in the home were rented, the plaintiff collecting practically all of this income which amounted to approximately $20.00 per week. During the past three or four years the plaintiff was steadily employed earning about $30.00 per week. Out of her salary and the rental income the plaintiff kept up the home, making all necessary repairs, paying the monthly installments on the morgage, interest and taxes and also paying for all the provisions coming into the house, utilities, coal and telephone. The only contribution the defendant made was the payment of $275.00 on the purchase price of the home. The defendant was not steadily employed and all of his earnings were retained for his own use. Since his contribution to the enterprise was only $275.00 we cannot say that the award to him of $500.00 was unreasonable. It seems that the defendant is complaining of the award upon the hypothesis that the plaintiff was the aggressor, but such was not the finding of the Court. It found, and we think properly so, that "she has been a dutiful and affectionate wife," and the divorce was awarded for the aggressions of the defendant.

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.