BEACH, Plaintiff-Appellee, v. BEACH, JR., Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2319.   Decided April 21, 1955.

Robert W. Schroader, Dayton, and James C. Baggot, Dayton, for plaintiff-appellee.

Canny, Stewart & Cromer, Dayton, By Hon. Clarence J. Stewart. Of Counsel, and Landis, Ferguson, Bieser & Greer, Dayton, By Charles S. Bridge, Of Counsel, for defendant-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from an order of the Common Pleas Court, Division of Domestic Relations, Montgomery. County, Ohio, in an action for divorce, in which the court found the defendant guilty of contempt of court, and pronounced sentence, for failure to comply with a former order of the court.

An order finding defendant guilty of contempt for failure to comply with the former order to pay $400 to counsel for plaintiff and sentencing defendant to pay a fine of $200 and to be confined in jail for 10 days, is a final order and reviewable. See **Brady v. Brady, 47 Abs 73**, 67 N. E. (2d) 447.

**Sec. 3105.14 R. C.,** in part provides: "On notice to the opposite party of the time and place of the application, the court of common pleas, or a judge thereof in vacation, may grant alimony to either of the parties for his sustenance and expenses during the suit * * *."

The pertinent part of this section authorizes the court to: "Grant alimony to either of the parties for * * * expenses during the suit". The term "expenses" properly includes attorney fees. **Stuart v. Stuart, 144 Oh St 289,** 58 N. E. (2d) 656; **Keath v. Keath, 78 Oh Ap 517, 71** N. E. (2d) 520.

The record in this Court is a transcript of a part of the docket and journal entries, and a bill of exceptions. We do not have before us the petition of plaintiff, nor the answer of the defendant.

The record shows that on November 24, 1954, plaintiff filed a motion, which is not in the record, requesting an order for partial payment

of counsel fees. On November 26, 1954 the court made an order, which is in the record, the pertinent part of which is as follows:

"The Court orders the defendant, John M. Beach, Jr. to pay the sum of Four Hundred ($400.00) Dollars as and for attorney fees upon account to counsel for the plaintiff.

"It is further ordered that the same be paid at the office of James C. Baggot * * *."

This amount was not paid. On December 13, 1954, James C. Baggot, counsel for plaintiff, filed a motion for citation against the defendant to show cause why he should not be punished for contempt. This motion recited the former order and the non-payment. A citation was issued on which the court took evidence. The pertinent part of the finding and order from which the appeal was taken is as follows:

"This day this cause came on to be heard upon a citation for contempt of Court made and issued December 13, 1954, to the defendant John M. Beach, Jr. to show cause why he should not be punished for contempt of Court for his failure to abide the Order of the Court entered November 26, 1954, to pay the sum of 'Four Hundred ($400.00) Dollars on account for plaintiff's attorney fees. Upon hearing had and testimony taken by counsel for the parties hereto and by the Court, it is the finding of the Court that said defendant, John M. Beach, Jr., at the time of making the Order and at all times since then has been financially able to comply with the Order of the Court but has willfully and without legal excuse failed and refused to abide by said Order."

The contention of the appellant that the order ran in favor of the attorneys for the plaintiff and not to the plaintiff herself, raises an interesting question under §3105.14 R. C., heretofore quoted. As the record comes to us, there is nothing in the motions or orders of the court indicating that the allowance was made to the plaintiff, or was allowed as temporary alimony. The money was ordered to be paid directly to counsel. In the absence of a showing that the order was made in favor of the plaintiff and as temporary alimony under §3105.14 R. C., the order made was without authority and invalid.

This Court, in Riebel v. Riebel, 15 Abs 233, held in the 6th paragraph of the syllabus as follows: "It is irregular for the court in a divorce action to make an order to pay counsel fees of the wife direct to counsel." In Parker v. Parker, 28 Abs 49, 56 N. E. (2d) 527, this Court again, on a similar record. on page 52 said:

"The Court cannot award a sum to counsel direct to the exclusion of the litigant but of course may take into consideration counsel's fees in making the award for expenses during the suit, and we are of the opinion that the amount so awarded to defendant's counsel is without warrant and that the final entry should be so modified."

In Keath v. Keath, supra, a similar question was presented to the Court of Appeals of Summit County. The second paragraph of the syllabus states: "The term 'expenses' includes attorney fees. and an award of expenses for such fees must be made to a spouse as alimony and not directly to the attorney." In that case, other questions were involved, but the court very definitely approved the above principle. See also Black v. Stewart, 28 O. C. A. 433. In 14 O. Jur., p. 456, Sec. 64, the

author states that "although the court may consider attorney fees in making an allowance pendente lite, such allowance must be made to the party, and cannot be made directly to the attorney." We consider the above to be the true rule.

The order of November 26, 1954 was invalid. It follows that a contempt charge cannot be predicated thereon. Prejudicial error resulted in finding the defendant guilty of contempt in failing to comply with such invalid order.

The finding of the court that the defendant was financially able to comply with the order was based on the evidence that the defendant possessed a National Service Life Insurance policy, issued by the United States Government, the cash surrender value of which was $3,200   It will be observed that the order of the court did not require the defendant to surrender the policy. The policy of insurance was not mentioned in the order. However, it appears to be conceded that this was the only property or assets possessed by the defendant from which he would be able to secure the money to pay counsel as ordered. Whether the court could legally require the defendant to surrender the National Service Life Insurance policy for the purpose of securing cash money out of which to pay counsel fees under the order need not be, and is not here, determined.

Judgment reversed and cause remanded.

MILLER, PJ, HORNBECK, J, concur.