DECISION AND JOURNAL ENTRY
Defendant-appellant Cathy Paden appeals from a judgment of divorce entered in the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands the case for further proceedings.
 I.
Appellant Cathy Paden and plaintiff-appellee Jeffrey Paden had been married for over fourteen years when appellee filed for divorce on November 22, 1996. One child, Kimberly, was born to the parties prior to the marriage on August 18, 1980. Another child, Jeffrey, was born as issue of the marriage on April 30, 1988.
Almost every month during the pendency of the divorce each party filed a motion for contempt against the other, which prompted the trial court to state, in a July 10, 1997 entry that the parties' actions were "saddening and extremely detrimental to the children, each other and themselves." The battle continued, and a total of eleven motions were set to be heard on the date of trial.[1]
On June 2, 1998, the trial court issued its final entry granting the parties a divorce on the grounds of incompatibility, designating appellee as the residential parent and legal custodian of Jeffrey and Kimberly and dividing the martial debts and assets. On June 5, 1998, appellant filed nine motions in the trial court: a motion to reconsider, an ex parte motion for emergency stay, a motion to stay proceedings pursuant to Civ.R. 62, a motion for a new trial, a motion to enforce judgment, a motion for contempt against appellee for failure to comply with court-ordered visitation, a motion for relief from judgment, motion to correct the trial court's entry, and a request for findings of fact. The court issued findings of fact pertaining to the child custody determination, granted appellant's motion for contempt, and denied the remainder of appellant's motions.
Appellant timely appeals, asserting three assignments of error.
 II. ASSIGNMENT OF ERROR No. I The Court abused its discretion by designating Appellee as [the] residential parent for the parties' minor child, Jeffrey, as the Court's decision was not substantiated by the evidence presented at the trial court [sic].
 Appellant contends that the trial court committed reversible error when it designated appellee as the residential parent of Jeffrey. Appellant argues that the trial court abused its discretion by not effecting the child's desire to live with appellant, by not considering the statutory requirements of R.C. 3109.04(F)(1)(a-j), and by taking factors other than those listed in the statute into account. This Court disagrees.
In custody matters a trial court's decision will be reversed only upon a showing of an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 416. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When an award of custody is supported by some competent, credible evidence, that award will not be reversed by a reviewing court as being against the weight of the evidence. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23.
R.C. 3109.04(B)(1) governs the allocation of parental rights and responsibilities, and provides that "the [trial] court shall take into account that which would be in the best interest of the children." In determining the best interest of the child, R.C.3109.04(F)(1) sets forth ten factors the court must consider:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 Appellant charges that because the record shows that she is a good mother, because Jeffrey was eleven years old at the time of the parties' divorce, and because Jeffrey expressed a desire to live with her, the court should have given increased weight to Jeffrey's choice, and by not doing so, the court abused its discretion. This Court disagrees.
Appellant mistakenly relies on Parker v. Parker (1938), 28 Ohio Law Abs. 49, in support of her contention that when a child is ten years old, his preference to live with a particular parent should be given paramount consideration, absent evidence that the parent is unfit. Not only has appellant quoted Parker out of context in her brief, but she relies on outdated law.
The current statute that sets forth the factors a trial court must consider in determining the best interest of the child, R.C.3109.04(F)(1), has been reproduced above. The legislature permits the trial court to consider a child's preference, but mandates that such consideration be only one of many factors. Therefore, appellant's argument fails.
Appellant also avers that the trial court failed to consider the statutory requirements of R.C. 3109.04(F)(1), evidenced by the fact that the trial court's findings, issued pursuant to her Civ.R. 52 request, failed to set forth each factor explicitly. This Court has previously held that Civ.R. 52 does not require a trial court to state expressly a finding for each statutory requirement to comply with Civ.R. 52. State ex rel Ilius v.Lewis (Sept. 22, 1999), Medina App. No. 2811-M, unreported. As long as "the trial court's decision, along with the record, states the facts and the legal conclusions of a case in a manner sufficiently clear to permit review, the substantive requirement of Civ.R. 52 is met." Id., citing Abney v. Western Res. Mut. Cas.Co. (1991), 76 Ohio App.3d 424, 431. See, also, Blevins v.Sorrell (1990), 68 Ohio App.3d 665, 672. Furthermore, "[a]bsent evidence to the contrary, an appellate court will presume the trial court considered each of the relevant factors listed in R.C. 3109.04(F)(1)." Madison v. Jameson (Jul. 9, 1997), Summit App. No. 18013, unreported, citing Evans v. Evans (1995),106 Ohio App.3d 673, 677. In the instant case, a review of the record reveals that the trial court considered all the factors set forth in R.C. 3109.04(F)(1).
Appellant also charges in her first assignment of error that it was an abuse of discretion for the trial court to take into account any factor other than those listed in R.C. 3109.04(B)(1). This contention is meritless. The statute states that "[i]n determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to" the ten enumerated factors. R.C. 3109.04(F)(1).
Accordingly, this Court finds that the trial court did not abuse its discretion in determining that it is in Jeffrey's best interest to designate appellee as his residential parent.
 ASSIGNMENT OF ERROR No. II. The trial Court abused its discretion by not reducing to Judgment, or addressing, the temporary order arrearages for the household obligations, which the Court ordered the Plaintiff [appellant] to pay pursuant to its May 1, 1997 temporary order.
 In her second assignment of error, appellant contends that the trial court committed reversible error by not reducing to separate judgment, or addressing in the final decree, the arrearages that appellee had accumulated under the May 1, 1997 temporary order. Appellant avers that the trial court willfully failed to address the arrearages.
Appellant argues that her motions for contempt for appellee's failure to pay the household obligations were scheduled for hearing on the day of trial and that the trial court ignored those motions. Appellant reasons that because the trial court did not specifically address whether any arrearages existed in appellee's household obligations, it ignored her contempt motions. Appellant asserts that the matter should be remanded to determine such amount. This Court disagrees.
The trial court issued an amended temporary order on May 1, 1997, which made appellee responsible for a certain amount of child support, and for certain household obligations. On May 13, 1997, appellant filed a motion for lump sum judgment for all arrearages. On July 25, 1997, the trial court denied appellant's motion for lump sum judgment, but found that appellee was in arrears for less than one thousand dollars, and that the amount could be offset "by other direct payments." The record does not indicate whether this arrearage pertained to household obligations.
On September 29, 1997, appellant filed a motion for contempt, alleging that appellee had failed to pay marital bills. On October 31, 1997, the trial court found that appellee was current in his payment of the marital obligations. On November 17, 1997, appellant filed a motion to reconsider the October 31, 1997 findings as it pertained to arrearages in appellee's marital obligations. This motion and ten other motions were scheduled to be heard on the date of trial.[2]
In the final judgment entry of June 2, 1998, the trial court did not specifically rule on any of the eleven pending motions. In reference to arrearages, the trial court stated:
 On May 1, 1997, the Court amended the temporary order as [appellee] was designated the temporary residential parent for Kimberly. Further, [appellee] was responsible for the mortgages, taxes and utilities on the marital residence plus [appellant's] car payment, the computer payment, CoAmerica Visa, J.C. Penney [sic], Sears, Best and First Bank Visa. [Appellant] was responsible for Kohl's, Fashion Bug, and Speigel.
 Appellee has an arrearage in child support of $753.93 as of May 7, 1998.
 The trial court did not willfully fail to address the issue of arrearages in appellee's household obligations. Where a court does not explicitly rule on a motion, it is presumed to have been denied. See State v. Kerney (Apr. 14, 1999) Summit App. No. 19215, unreported, at fn. 1, citing State v. Gaul (1997), 117 Ohio App.3d 839, 848. The trial court had previously found, on October 31, 1997, that appellant was not in arrears in his marital obligations. Appellant filed a motion to reconsider the court's findings, which was scheduled to be heard on the date of trial. The purpose of the trial was not to decide each individual motion, but to make a final determination of each party's rights and responsibilities. Because the trial court did not explicitly rule on each pending motion, the motions are presumed to have been denied.
Appellant's second assignment of error is overruled.
ASSIGNMENT OF ERROR No. III.
 The Court erred when it ordered Mr. Paden to be solely responsible for the Bank One Visa, First Bank Visa and Citibank Visa, and then ordered that those credit cards be paid out of the escrow funds from the sale of a joint marital asset. Further, the Court erred in assigning a value of $3,000.00 to the parties [sic] motor vehicle when said value was not presented into evidence at trial.
 In appellant's third assignment of error, appellant argues that the court committed reversible error both when it ordered certain credit cards to be paid out of the escrow funds from the sale of a joint marital asset, and when it assigned a value of $3,000 to the Toyota Camry. This Court finds appellant's third assignment of error well taken only with respect to the valuation of the automobile.
The trial court possesses broad discretion in effecting a property division, Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, and therefore, absent an abuse of discretion, the trial court's judgment will not be overturned. Martin v. Martin (1985),18 Ohio St.3d 292, 294-295. An abuse of discretion involves more than a mere error of law or judgment. Id. at 295. A lower court may only be said to have abused its discretion when its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Id. Absent such an abuse of discretion, a reviewing court must not substitute its judgment for that of the trial court. Id. Rather, when applying the abuse of discretion standard, a reviewing court must be guided by the presumption that the findings of the lower court are indeed correct. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138.
A review of the record in the instant case shows that the trial court did not abuse its discretion in making an equitable division of the parties' assets and liabilities. Appellant avers that the trial court committed reversible error when it ordered appellee to pay the Bank One Visa, the First Bank Visa, and the Citibank Visa, and then ordered that these debts be paid from the proceeds of the sale of the parties' airplane. This Court disagrees. Although it appears that the trial court erroneously listed these debts under appellee's obligations, the division is nonetheless equitable. Moreover, subtracting the total amount of these debts from appellee's obligations, appellee is still responsible for a significantly larger amount of the couple's debt.
In one paragraph of her third assignment of error, appellant complains that it was unfair and inappropriate for the trial court to hold her accountable for one-half of the tax liability for the parties' business, State Turf, Inc. Appellant does not complain that she was awarded one-half of State Turf's assets. Because appellant has not argued that the trial court erred in assigning her one-half of the tax liability, this Court disregards her lament. Furthermore, the record reveals that the trial court's division of the parties' assets and liabilities, which includes the tax liability, was equitable.
Appellant also argues that the court erred in assigning a value of three thousand dollars to the 1996 Toyota Camry. This Court agrees.
"The trial court has broad discretion in determining the value of a marital asset." Perrine v. Perrine (Aug. 28, 1996), Summit App. No. 17671, citing James v. James (1995), 101 Ohio App.3d 668,681. A court of appeals is "guided by a presumption that the findings of the trier-of-fact were indeed correct."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Judgments will not be reversed by a reviewing court as being against the manifest weight of the evidence where the judgments are supported by some competent, credible evidence going to all the essential elements of the case. Id. "[I]n obtaining a valuation, the judge or trier of fact must have before it sufficient evidence to justify or support the dollar figure it obtains." Rodriguez v. Rodriguez (Apr. 13, 1990), Geauga App. No. 89-G-1498, unreported.
The finding that the 1996 Toyota Camry is worth three thousand dollars is erroneous, appellant argues, because there was no evidence of the car's value presented. Appellee asserts that this Court must presume the validity of the trial court's computation because a portion of the record appears lost; however, the record reveals that appellee's exhibit 3f, labeled "Fair market value of 1996 Camry," was not lost, but was never admitted. The only evidence concerning the car's value was appellant's testimony that she had no idea of the Camry's present day value, that she had purchased the car at Brunswick Auto Mart, that she believed she still owed "sixteen-something," and that she thought she may have borrowed "twenty-one" to finance the car.
In Hopewell v. Hopewell (Feb. 19, 1997), Lorain App. No. 96CA006436, unreported, this Court determined that evidence concerning the amount paid toward principal coupled with evidence of the down payment was sufficient evidence to justify the determination of equity in property. However, Hopewell concerned valuation of a house, whereas the instant case concerns the valuation of an automobile. Because the valuation of an automobile takes additional factors into consideration, such as mileage and condition, determining only the amount of equity one has in a vehicle is insufficient to estimate the value. Therefore, this Court concludes that the trial court did not have sufficient competent, credible evidence to justify or support the finding that the Camry is worth three thousand dollars. Accordingly, appellant's third assignment of error is well taken, only with respect to the value of the Camry.
 III.
For the foregoing reasons, this Court hereby affirms in part and reverses in part the judgment of the trial court. This case is remanded for findings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ____________________ SLABY, P.J.
BATCHELDER, J. CONCUR.
[1] Eleven motions were set for hearing on the date of the trial: (1) appellant's motion to modify visitation; (2) appellant's motion for temporary restraining order regarding the parties' recreational vehicles; (3) appellant's motion for contempt regarding child support payments and "no significant others" order; (4) appellee's motion for contempt of the court order against appellant for towing employee vehicles, and requesting reimbursement; (5) appellant's motion to change temporary orders; (6) appellant's motion for contempt for failure to keep vehicles insured; (7) appellee's motion for contempt for violation of "significant others" order; (8) appellant's motion to reconsider the order regarding appellee's marital obligations; (9) appellee's motion to modify child support and debt payment obligations; (10) appellant's motion to terminate overnight visitation; and (11) appellant's motion for contempt for failure to comply with the trial court's order pertaining to the selling of the parties' airplane.
[2] See supra note 1.