**SWEIGART, Plaintiff-Appellant v. PIQUA MILLING CO. et, Defendants-Appellees.**

Ohio Appeals, Second District, Miami County.

No. 425. Decided November 24, 1943.

William Harry Gilbert, Troy, for plaintiff-appellant.
Kerr & Kerr, Troy, for defendant-appellee, Sidney L. Brown.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of defendant-appellee, Sidney L. Brown.

From the petition it appears that plaintiff had a judgment against a defendant, Walter Sweigert, her former husband, on which there was a balance due. Other defendants were holders of mortgages on chattel property of Sweigert, upon which plaintiff had caused a paper levy to be made. This

property was set out and described in Exhibit A of the petition. Plaintiff prayed that the mortgagees set up their claims, that their validity and priority be determined and for sale of the chattel property free from any encumbrances. While the suit was pending and sometime after the levy was made, several of the items set out in Exhibit A were sold to defendant, Brown, who purchased them from Sweigert. Plaintiff caused Brown to be made a party and by supplemental petition averred that there had been a levy made, by reason of her judgment upon the chattel property described in the petition, and prayed for a sale of the property and that from the proceeds thereof the amount of her judgment with interest be paid.

By answer of defendant, Brown, and reply thereto, counsel for the parties say to this court that three legal questions were presented to the trial judge for decision. First, the validity of the lien of plaintiff under levy of alias execution by sheriff on chattels of Walter Sweigart. Second, application of the rule of lis pendens to the chattels involved in the action; and, third, right of subrogation claimed on behalf of defendant, Brown, on the ground that the money paid for the chattels was used to pay prior mortgage liens against the chattels.

It develops, that the trial judge, in a written opinion with which we are favored, made determination only of the application of the doctrine of lis pendens as it affected the liability of defendant-appellee, Brown. The court held that the doctrine could not be given application in favor of the plaintiff and rested the judgment in this alone.

An examination of the record and the testimony is convincing that, if we should hold that the trial court erred in the one question which was decided, there are insufficient facts to enable us to determine that the judgment could be affirmed upon answer to one of the other questions presented.

The well considered opinion of the trial judge reviews and discusses many of the cases cited and, after adverting to the fact that the reported Ohio cases are not dispositive of the question, refers particularly to Murray v Lylburn, 2 John. Ch. 441 and to the opinion of Judge Taft in **Krebs v Forbriger, 10 Ohio Decisions Reprint, page 506,** in both of which cases it was said, that exceptions to the application of the rule of lis pendens should include:

"cash, negotiable paper not due, and **perhaps movable personal property such as horses, cattle, grain, etc.**" (Emphasis ours.)

We have examined the cases cited by the trial judge, by counsel in their helpful briefs and have also done considerable original research and agree that the Ohio cases are not dispositive of our question and not especially helpful and that we must look elsewhere for light on the subject.

Murray v Lylburn, supra, gave application to the doctrine of lis pendens, but it was denied in Krebs v Forbriger, supra. Both cases related to negotiable paper. The dictum of Judge Taft, because of his eminence as a jurist, must be noted with great respect but it does not change the fact that it had no application whatever to the question which he was called upon to decide and is but a restatement of the dictum of Chancellor Kent in Murray v Lylburn, supra.

It is interesting to note that the possible exception to the application of the rule of lis pendens, as stated in the emphasized part of the quotation from Krebs v Forbriger, supra, does not appear in any other case which we have found with the exception of Murray v Lylburn, supra, from which it was taken. It has, however, evolved into another form of expression which is frequently found, not only in the text books but in several of the decisions. For instance in 34 Am. Jr., page 375:

"While there are decisions of a contrary tenor, the great weight of authority appears to sustain the view that with the exception of money and bank bills, negotiable paper transferred before maturity, and **'articles of ordinary commerce sold in the usual way,'** the doctrine under consideration governs personal property to the same extent as it does real property; and it has been applied to such tangible forms of personalty as slaves, mules, logs, engines, boilers, saws, locomotives, steamboats and wheat in sacks, as well as to various kinds of choses in action, including shares of stock, non-negotiable bonds and notes, and bonds secured by mortgage or deed of trust." (Emphasis ours)

38 Corpus Juris, pages 15 and 16, discusses the rule substantially as does Am. Jur. and states the exception in the identical language heretofore quoted and emphasized, and both texts cite a number of cases to support the exception. If they have that effect, they would materially assist us in the correct solution of our problem, but a close reading of each and every case cited conclusively establishes that in no one

of them was the so-called exception involved or given application. In a few it is mentioned and in some of them it is not discussed at all. They are as follows:

Presidio Co. v Noel-Young Bond & Stock Co., 212 U. S. 58, 29 S. Ct. 237, related to negotiable county bonds purchased for value, before due.

Union Trust Co. v Southern Inland Nev. and Improv. Co., 130 U. S. 565, 9 S. Ct. 606, related to real property.

Warren County v Marcy, 97 U. S. 96, 24 L. Ed. 977, carries the quoted exception into the third syllabus but the subject matter involved were coupons originally attached to county bonds.

The above three cases are all that are cited in 34 Am. Jur.

Town of Enfield v Jordan, 119 U. S. 680, 7 S. Ct. 358, property involved was negotiable paper not yet due.

LaPorte v Northern Trust Co., 187 Fed. 20, 109 C. C. A., 74, subject matter involved was city water works bonds. The rule was given application but the court quotes the exception as heretofore emphasized.

Winston v Westfeldt, 22 Ala. 760, 58 Am. D. 278, subject matter involved was negotiable note held by endorsee for value, before due. The court expressly states the question for determination to be "does the doctrine of lis pendens apply to negotiable paper."

Powell v National Bank of Commerce, 19 Colo. A. 57, 74 Pac. 536, subject matter—an accepted draft and an account. The court discusses the doctrine and quotes the exception heretofore emphasized but the cause was determined upon the theory that the defendant was bound by reason of actual notice of the proceedings. At page 598 it is said, quoting Bennett on Lis Pendens, Par. 128: "I am thoroughly satisfied from a view of the authorities that at the present time the doctrine is well established that, with the exception of negotiable paper, lis pendens applies to personal property as well as real estate."

Begley v Combs, 32 Ky. L. 538, 106 S. W. 246 subject matter—title bond. Statute as to lis pendens had not been observed by plaintiff. Defendant found to be a purchaser of the bond for value, before due, without actual notice of the suit.

Burnham v. Smith, 82 Mo. A. 35, subject matter—stock of merchandise. Rule applied.

Carr v Lewis Coal Co., 15 Mo. A. 551 (Aff.), 96 Mo. 149, 8 S. W. 907, property involved—a tug boat. The court said the

doctrine of lis pendens applied to the property under consideration but could not be given application because it did not appear that the property was within the state of Missouri when the defendant bought it and the defendant had no actual notice of the suit. No mention was made of the emphasized exception. The court further says, "The probability of defendant's entirely defeating the object of the suit by a transfer of the property pendente lite is rather greater in the case of personal than of real estate, and the necessity of some law prohibiting such transfer, to the prejudice of the prevailing party, is therefore greater in the former case than in the latter."

Chase v Searles, 45 N. H. 511, not found. Incorrect citation.

Leitch v Wells, 48 N. Y. 585, (Rev.) 48 Barb. 637, subject matter involved—bank stock. Rule not given application because property not set forth in complaint.

**Krebs v Forbriger, 10 Ohio Decisions Reprint 506,** heretofore discussed.

The foregoing are all the cases cited to support the emphasized exception in 38 C. J., 15 and 16.

17 R. C. L., page 1021, after recognizing that modern English decisions have held the doctrine to be inapplicable to personal property concludes:

"In this country while there are decisions implying that lis pendens does not apply to personal property the decided weight of authority is in favor of extending the doctrine to such property. So far as concerns the extension of the rule to personalty, it may be urged that every consideration of necessity and of public policy which demands and justifies the law of lis pendens, as applied to real estate, also demands and justifies the application of the same law to personal property. In fact, the ease with which personalty could be transferred to parties having no notice of the litigation is much greater than in the case of real estate." Citing several authorities and, particularly a note to 56 A. S. R. 863, 864.

This note following the reported case of Stout v Philippi Mfg. Co., 56 A. S. R. 843, is the most exhaustive, complete and satisfactory treatise on the law of lis pendens that we have found. The annotator after discussing the English decisions upon the subject where, it is conceded, the doctrine is held to

be inapplicable to personal property concludes that in America, the weight of authority is in favor of extending the law of lis pendens to personal property and a number of supporting cases are cited.

It is surprising the dearth of authority on the application of the rule to chattel farm property such as horses, cattle, farm implements and crops. The exception as to the holder of commercial paper acquired before value and before due can readily be reconciled as necessary by our Negotiable Instruments Act, which Act is specific as to the rights of such a holder of commercial paper. §8162 GC. This legislation being specific would control as against the general terms of the lis pendens statute.

The statute itself, §11300 GC, although a restatement of the common law is specific in terms and contains no exceptions: ·

"When the summons has been served or the publication made, the action is pending so as to charge third persons with notice of its pendency. While pending no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

No statute like that of Ohio has been construed to have application to real estate only.

The exceptions to the doctrine under consideration which have arisen upon the facts presented by the cases which we have considered have not extended to personal property such as is involved in the present suit. If exceptions to be included are other than those which have been clearly recognized such as bonds, notes and commercial paper before due, then we are confronted with the necessity of determining what other personal property is to be excepted. Under modern business practice, if the exception is to extend to articles of personal property that are regularly the subject of business exchange and sale then in practical effect the application of the exception would completely emasculate the rule as it relates to any personal property.

" 'Commerce' proceeds from trade and is the exchange of one kind of property for another, whether it be by barter, or by purchase and sale." Renicodemus, 18 Fed. Cas. 222, 224.

Thus, "articles of commerce sold in the usual way" is a most inclusive expression.

No prospective purchaser of personal property would think of buying specific chattels without first determining whether or not they are covered by a chattel mortgage. The obligation of a chattel mortgagee as to his necessary procedure to assure notice to the world is set up by statute. Likewise, though the procedure differs the conditions under which the rule of lis pendens operates are well defined. Either the title or the possession' of the property upon which the doctrine operates must be directly affected. The property involved in the suit must be set out specifically. The person who claims the benefit of the rule must not be chargeable with laches. These are the requirements which must be observed and in this case are to be determined upon retrial of the cause from the factual developments germane to the issues presented, or which may be presented.

We hereafter consider a few only of the cases which we have examined. They have been selected because in our opinion they more nearly approach the close question here presented for determination than any we have examined.

Houck v Hult et (S.D.) 245 N. W. 469, announces the proposition in the fifth syllabus that

"Filing of lis pendens has no application to personal property."

A reading of the opinion discloses the court there had under consideration the statute of the state of South Dakota on lis pendens which clearly in terms relates only to an action affecting the title to real property and differs fundamentally in this particular from our statute.

In Bergman v Inman, 43 Ore. 456, 99 A. S. R. 771, the court gave application to the rule of lis pendens as it affected saw logs.

In Smith v Curreather's Mercantile Co., et (Okla.) 184 Pac. 102, the court determined that the rule should be applied as to property covered by a chattel mortgage, the holder of the chattel mortgage having failed to file and re-file it and instituted his action for foreclosure. The property covered by the mortgage is not detailed in the opinion but it was urged upon the court that the rule had no application to personal property. The court held against the contention citing 17 R. C. L., par. 18, title Lis Pendens. The section of the statute under consideration is almost identical with the Ohio statute.

In Mabee v Mabee et (N. J. Court of Chancery) 96 Atl. 495, the court said in the fifth syllabus:

"The English rule that the doctrine of lis pendens is not applicable to personal property other than chattel interest in land is probably not the rule in the United States."

The court held that the complainant created a lis pendens by her initial proceeding but had done more by securing an injunction, the effect of which was to impound the fund under consideration in the hands and custody of the administrator of the estate from which the plaintiff was claiming against a legacy given to plaintiff's husband.

In Smith & Vaile Co. v Bivens (Miss.) 18 So. 483, the rule was applied as to cotton machinery.

In Cromwell v Clay, 31 Ky. 578, the rule was given application to a slave. There are older cases which may be of little value in determining the modern trend, wherein the property involved was as follows:

A mortgage—Bishop of Winchester v Paine, 11 Ves. 200;
A judgment—Bishop of Winchester v Beavor, 3 Ves. 314;
Paper—Kellogg v Fancher, 23 Wis. 1;
Furniture—Scudder v Van Amburgh, 4 Edw. Ch. 30;
Goods—Hadden v Spadder, 20 Johns. 573;
Stock—Leitch v Wells, 48 Barb. 650;
Wheat in sacks—Hubbard v Johnson (Wash.) 154 Pac. 457.

Our conclusion of the matter presented is that the question is not free from doubt and there are persuasive statements of eminent jurists all by way of obiter supporting the judgment of the trial court. On the other hand, inasmuch as our statute indicates no purpose to except personal property from the application of the rule and it is necessary to support the judgment to write an exception in the statute and, inasmuch as no adjudication is to be found wherein any of the property of the type herein involved has been held to be included within the exception, and many cases are reported wherein property of like character to that here involved has been held to be subject to the rule, we conclude that it should be given application here unless and until some factual reason appears which will prevent its application. We recognize that strong reasons may be urged why the rule should not be given validity as to personal property which is the subject of regular commercial transactions but, if such property is to be excepted it is peculiarly within the province of the lawmakers, and the statute should be amended so as to specifically except those things which it is desirable to take out of the operation of the rule.

The judgment will be reversed and cause remanded for further proceedings according to law.

BARNES, P. J., and GEIGER, J., concur.