**DEXTER, f. k. a. TAYLOR, Plaintiff-Appellee, v. TAYLOR et, Defendants and FAULK, Appellant.**

Ohio Appeals, First District, Butler County.

No. 984. Decided May 5, 1951.

Clem F. Imfeld and Clem F. Imfeld, Jr., Hamilton, for plaintiff-appellee.

Edw. Everett Rice, Hamilton, for appellant.

## OPINION

By MATTHEWS, J.

The plaintiff-appellee obtained a judgment quieting her title to an undivided interest in certain real estate awarded to her in an action for divorce and alimony against a cloud created by the assertion of an alleged defect in the service upon the defendant in that case.

We find in the file of this case what purports to be the original papers and journal entries in the case in which the judgment was rendered upon which the plaintiff bases her claim of title to this real estate. However, in the bill of exceptions, to which is attached the certificate of the trial judge that it contained all the evidence, no mention is made of these documents having been offered in evidence, and neither the original nor copies are attached to it as exhibits. Nevertheless, the parties have presented this appeal as though all these papers were before the court. In this, they are probably in error. Counsel have furnished us with a copy of the opinion of Judge Boli, who presided at the trial of this case, and it appears from it that he had the entire record in the divorce and alimony action before him. The limited record before us makes our problem more difficult. For instance, it appears that the petition in the divorce action contained a description of the real estate by metes and bounds, which is an important fact, even though not necessarily determinative.

In 31 C. J. S., 623, it is stated as a general rule that: "Courts ordinarily do not in one case take judicial notice of their own records in other cases." This seems to be the rule in Ohio. 17 O. Jur., 66, et seq. Apparently, there are many limitations and exceptions to the rule, and the courts of the various states are not in agreement as to the limits of the rule and the exceptions. However, we are of the opinion that when the issue in a later case turns on the precise basis for the courts action in an earlier case in the same court, and an appellate court is asked to review the judgment in the later case, the appellate court should not be required to rely on unauthenticated papers of the earlier case commingled with the original papers of the case on appeal.

We believe, however, sufficient is disclosed in the pleadings and docket and journal entries in this case to enable us to pass upon the questions presented, without determining the exact limits of the rule.

The original parties to this action were the plaintiff and the defendants, Charles E. Taylor and Beatrice Taylor. Later, Viva Faulk was made a party on her application and she has filed an intervening petition. In her intervening petition she alleged that she had become the grantee of the title of Charles E. Taylor and Beatrice Taylor to the property, the title to which the plaintiff was seeking to have quieted against the claim of which she had become the transferee. She alleged false representations by Taylor, but it is manifest that such are entirely immaterial in this controversy between the plain-

tiff and her as successor to the claim or title of the defendant Charles E. Taylor.

Neither Charles E. Taylor nor Beatrice Taylor filed any pleading of any sort. The only pleadings are the plaintiff's petition and the intervening petition of Viva Faulk. There is no express denial in the intervening petition of any allegation of the petition and no inconsistent allegation of fact in the two pleadings. Each pleader, however, claims title, but the facts are undisputed. They disagree as to the conclusion of law only. There is nothing in the bill of exceptions that enlarges upon the undisputed allegations of the pleadings.

On this state of the record the only question presented is whether the plaintiff's petition states a cause of action. Reverting then to the petition, we find allegations that the plaintiff and defendant Charles E. Taylor were husband and wife that they were joint owners of Lot 15 of a designated addition in the city of Hamilton, Butler county, Ohio; that on January 8, 1946 she filed an action for divorce and alimony against him in the court of common pleas of Butler county, Ohio; that the whereabouts of said Charles E. Taylor at the time were unknown to the plaintiff and service was had upon him by publication, and that the newspaper notice did not contain a description of the real estate owned jointly by the parties, that on March 15, 1946, a trial was had on the petition and the evidence and the court found for the plaintiff awarding her a decree of divorce and that the plaintiff was entitled to the defendant's undivided one-half of said real estate as and for her permanent alimony, and the title thereto transferred to her by the decree. This was followed by an allegation that the absence of a description of the real estate in the publication of notice had created a cloud upon the plaintiff's title, which the plaintiff prayed the court to remove by quieting her title against it.

As already mentioned, there was no denial of any of these allegations.

In the intervening petition, the intervenor alleged that on October 28, 1949, she purchased for a valuable consideration the one-half interest of Charles E. Taylor and Beatrice Taylor, his wife, in the real estate described in the plaintiff's petition, that she mailed the deed to the county recorder for recording and enclosed $5.00 to pay therefor, and that the recorder refused to record the deed, for the reason that in the divorce decree the title had been awarded to the plaintiff. This was followed by allegations that Charles E. Taylor had represented to her that he was the owner of the free and unencumbered title to the one-half interest, excepting a mortgage against the entire title, and that the property would be

a good investment for her. The intervenor prayed that she be decreed to be the owner of the undivided one-half of said property and that the recorder be directed to record her deed, and that her title be quieted against the claim of the plaintiff.

It will be noted that not a single allegation of the petition is put in issue by this intervening petition.

On this record, can this court declare that the trial court erred in finding that the plaintiff was the owner of the undivided one-half of the real estate decreed to her as alimony, and that the claim of the intervenor was a cloud upon her title? We think not.

It is true that the intervenor-appellant asserts a title under a deed from Charles E. Taylor, which is inconsistent with and adverse to the title asserted by the plaintiff under the divorce decree, but at no point does she deny that the plaintiff was adjudged to have the title in the action for divorce and alimony. That is not a denial of the jurisdiction of the court to award the title to the plaintiff. Rather, it is a tacit admission or assumption that the court had jurisdiction.

Of course, the court was justified in taking judicial notice that an Ohio court of common pleas is a court of general jurisdiction, without any pleading or proof. It is a matter of law of the forum which need never be pleaded or proven. Had the action been predicated upon a foreign judgment, it would have been necessary to plead the general jurisdiction of the court rendering the judgment, but when the general jurisdiction is established by pleading or by judicial notice, it is not necessary to affirmatively allege the facts of the jurisdiction of the subject matter or the parties. It is set forth in bold type in 50 C. J. S., 457, that: "In an action on a judgment of a court of another state, in which the declaration, petition, or complaint shows that such court is a court of general jurisdiction usually it is not necessary to allege in terms that the court had jurisdiction of the parties or of the subject-matter or to set out the facts conferring jurisdiction."

See, also: Cole v. Cole, 201 Pac (2d) 98, at 103 and 104; and 31 Am. Jur., 352.

The question that remains is whether the admission contained in the plaintiff's petition that the publication of notice did not contain a description of this real estate discloses that the court did not have jurisdiction. In other words is the inclusion of a description of the real estate in the publication a condition to jurisdiction to award the real estate as alimony in an action for divorce and alimony against a nonresident defendant or a defendant whose residence is unknown? In answering this question in the negative, Judge

Boli relied on **Reed v. Reed, 121 Oh St, 188,** for the proposition that an action for divorce and alimony is in substance an action in rem and the court has jurisdiction on constructive service to subject real estate, described in the petition, to the claim for alimony. The Supreme Court in Reed v. Reed, in effect, reaffirmed its decision in **Benner v. Benner. 63 Oh St, 220.** And in support of his conclusion that it was not necessary that the real estate should be described in the notice of the filing of the action, Judge Boli relied on many cases from other jurisdictions, and perhaps chiefly, the case of Closson v. Closson (— Wyo. —, 215 Pac. 485), 29 A. L. R.. 1371, in which it was held as stated in the first paragraph of the syllabus, that:

"Failure of the published notice in a divorce proceeding to state that a disposition of the property would be asked for does not render void a decree making such disposition although the statute requires the notice to contain a statement of the object and prayer of the petition, where the statutes governing divorce authorize the courts to settle all questions concerning the property and children of the parties."

There is a lengthy annotation of this subject to the case of Closson v. Closson, examination of which discloses that many states have statutes similar to the statutes of Ohio (§11,990, et seq., GC) conferring jurisdiction upon courts to hear actions for divorce and alimony. An examination will disclose that the cases in such states are uniform, or almost so, to the effect that real estate, situated within the territorial jurisdiction of the court, of a non-resident defendant, may be subjected to the claim for alimony upon service by publication without describing or specifically mentioning it in either the petition or the publication. We are of the opinion that the law of Ohio is in harmony with the prevailing rule elsewhere.

We are of the opinion that it makes no difference whether we consider the papers in the divorce and alimony action on this appeal or decide the case on the uncontroverted averments of the petition. In the absence of a denial of the allegations of the petition that Taylor owned an undivided one-half interest in the real estate at the time the divorce and alimony action was filed and the allegation that the cloud on plaintiff's title resulted from the failure to include a description of the real estate in the publication, and the further fact that uncontroverted, that the court awarded to her the real estate as alimony, we are justified in assuming that the real estate was described in the petition, if such inclusion were necessary to validate the decree. Of course if we are privileged to utilize the papers in the prior action, we find that a description was

included and recourse to assumption would be unnecessary. In either event, the conclusion is the same, and that is, that no error is shown on this record in the action of the trial court. For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS, J, concur in syllabus, opinion and judgment.

ROSS, J, not participating.