PORTER, APPELLEE, *v.* NORRIS, APPELLANT.

[Cite as Porter v. Norris (1972), 30 Ohio St. 2d 255.]

(No. 71-374—Decided June 21, 1972.)

*Mr. Walter W. Grelle,* for appellee.
*Messrs. Caren, Lane, Huggard, Alton & Horst* and *Mr. Jack R. Alton,* for appellant.

*Per Curiam.* The Court of Appeals reversed the judgment of the Common Pleas Court upon two bases: (1) that "neither [interrogatory] was a material allegation from the pleadings controverted by an adverse party" (R. C. 2315.16), and (2) that the inclusion of the words "original claim" in the interrogatory was prejudicial in that it could mislead the jury to believe it "meant the amount of the prayer" of the petition prepared by Norris but never filed, which petition the Court of Appeals concluded had been erroneously introduced in evidence on behalf of the defense "without permitting cross-examination" and "in spite of a pretrial order in which the parties agreed that defendant would have no exhibits."

R. C. 2315.16, in force and effect at the time of trial,

provided for a written finding "upon particular material allegations contained in the pleadings controverted by an adverse party." The Court of Appeals apparently interpreted the language of R. C. 2315.16 as requiring that no interrogatory could be submitted except in the *express language* contained in the pleadings.[2] We do not agree. In our opinion, interrogatories submitted under R. C. 23-15.16 were not limited to the literal language of the pleadings (*haec verbae*). As stated in the concurring opinion of Taft, C. J., in *Clevenger* v. *Huling* (1965), 3 Ohio St. 2d 200, 204, the purpose of the 1955 amendment to R. C. 2315.-16 was "to codify and approve the law as previously declared by our court."

In the instant case, the amended petition seeking judgment against Norris contained a specific allegation that "due to the negligence of Mazza's Restaurant she was damaged in the sum of $50,000." Since the basis of plaintiff's claim for damages in the malpractice action against Norris is his failure to file a petition against the Mazzas, thus precluding her from recovering from the Mazzas (the statute of limitations having run), and that Norris, therefore, is legally responsible to her in the same amount she otherwise would have recovered against the Mazzas, it is clear that such was a "particular material allegation contained in the pleadings"; and since such allegation was denied by the answer filed by Norris, such allegation was also "controverted by an adverse party." Moreover, contrary to the interpretation made in the dissenting opinion herein, this allegation as to the amount of damages was not a part of the "prayer" of the petition.

---

[2]In support of its holding, the Court of Appeals cited its own decision in *Justice* v. *Shelby Ice & Fuel Co.* (1969), 18 Ohio App. 2d 197. There, the majority opinion stated, at page 204, that under the provisions of R. C. 2315.16 "a practitioner may consult the pleadings before trial with confidence that his eyes will not see interrogatories go to the jury except in express language which his eyes perceive to be set forth in the pleadings, and then only if the proposition has been controverted."

Thus, an interrogatory seeking a specific finding by the jury as to what recovery, if any, plaintiff would have had against the Mazzas, had she been able to proceed against them, was authorized by R. C. 2315.16, and such an interrogatory was not required to be phrased *haec verbae* in the language of the petition.

Had no other error intervened and had the interrogatory been properly phrased, it is clear that a special written finding that plaintiff would only have recovered $5,000 against the Mazzas is inconsistent with a general verdict against Norris in the sum of $17,750. In such event, under the provisions of then existing R. C. 2315.17, the special finding would control over the general verdict and judgment would be rendered accordingly.[3]

In the instant case, however, the Court of Appeals concluded that other error had intervened and that the language actually employed in the interrogatory, when combined with the other error, could lead the jury to an erroneous conclusion. From a review of the entire record, it would appear that the Court of Appeals was justified in coming to this conclusion. Such, however, could not serve as a basis for vitiating the interrogatories, and the answers made in response thereto. Instead, it can only serve as a basis for a remand for new trial.[4] We therefore reverse

---

[3]See, also, *Harsh* v. *Klepper* (1876), 28 Ohio St. 200; *Schaefler* v. *Sandusky* (1877), 33 Ohio St. 246; *Board of Commrs.* v. *Deitsch* (1916), 94 Ohio St. 2; *Central Gas Co.* v. *Hope Oil Co.* (1925), 113 Ohio St. 354; *C. D. & M. Electric Co.* v. *O'Day* (1931), 123 Ohio St. 638; and *Ohio Fuel Gas Co.* v. *Ringler* (1933), 126 Ohio St. 409. Cf. *Fox* v. *Conway* (1938), 133 Ohio St. 273; *McNees* v. *Cincinnati Street Ry. Co.* (1949), 152 Ohio St. 269; and *Perry* v. *Baskey* (1952), 158 Ohio St. 151, wherein it was held that the answers to interrogatories were not irreconcilable with the general verdict.

[4]By more specific jury instructions at retrial, it may be made plain to the jury that the measure of damages against Norris is not necessarily the monetary amount plaintiff would have recovered against the Mazzas, had the trial been held at this time, but instead the amount she would have recovered had her petition been filed before the running of the statute of limitations and had the trial been had at the time it would have been reached under those circumstances.

the judgment of the Court of Appeals and remand the cause for a new trial.

*Judgment reversed.*

O'NEILL, C. J., STERN, LEACH and BROWN, JJ., concur.

SCHNEIDER, HERBERT and CORRIGAN, JJ., dissent.

SCHNEIDER and HERBERT, JJ., dissenting. We would affirm the judgment of the Court of Appeals.

CORRIGAN, J., dissenting. In my opinion, the judgment of the Court of Appeals clearly requires affirmance, and, therefore, I must dissent.

The trial court erred to the substantial prejudice of plaintiff in submitting the two interrogatories to the jury, purportedly under favor of R. C. 2315.16, which section was operative when this lawsuit was tried. Such section provided:

"When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations contained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

The Ohio statutory provision in effect at the time of the events with which we are concerned herein, covering the content of a petition, is clearly spelled out in R. C. 2309.04, as follows:

"The first pleading shall be the petition by the plaintiff, which must contain:

"(A) A statement of facts constituting a cause of action in ordinary and concise language;

"(B) A demand for the relief to which the plaintiff claims to be entitled. If the recovery of money is demand-

ed, the amount shall be stated; and if interest is claimed, the time for which interest is to be computed shall be stated.''

Specifically, the demand for relief or the prayer is a separate portion of the petition from the statement of facts constituting a cause of action under that statute.

Likewise, the long established case law in Ohio has been that the prayer of a pleading is not a part of the cause of action, but is a statement of what plaintiff conceives to be the legal consequences of the facts stated. *Tiffin Glass Co.* v. *Stoehr* (1896), 54 Ohio St. 157, 163, and *Culver* v. *Rodgers* (1878), 33 Ohio St. 537, 546.

It follows logically that, if the prayer does not comprise a part of the statement of facts constituting a cause of action, it is not an issue to be tried in the cause and, therefore, could not be the subject of an interrogatory to be submitted to the jury under former R. C. 2315.16.

As pointed out by the Court of Appeals, the interrogatories here are especially damaging for the reason that the trial court, disregarding a pre-trial stipulation and order, approved by attorneys for both sides, that defendant would have no exhibits, admitted in evidence an unfiled petition for damages prepared by defendant which contained a prayer for $5,000 against the officers and employees of the restaurant where plaintiff was injured. The Court of Appeals observed that the jury could have been misled to believe that the words ''original claim'' in the first interrogatory meant the amount of the prayer of that petition.

In addition to the stipulation and the trial court's order thereon, this exhibit was inadmissible under any rule of evidence. Ironically, it was drafted by defendant's decedent (defendant-appellee Norris died while the matter was pending in the Court of Appeals and his executrix has been substituted and the cause revived by agreement) but for reasons known only to himself was never filed. Thereby, due to his professional negligence, plaintiff was deprived of her day in court to air her claim against the Mazzas. The statute of limitations on that claim was one

year, or until January 31, 1960. It is significant that this unfiled petition was notarized by Norris on January 30, 1960. It is likewise significant that treatment, hospitalization and surgery of plaintiff, according to the record, continued for several years after the date this petition (exhibit A) was signed and sworn to by plaintiff. Obviously, from the chronology of the facts above certain important items of damages accrued after that date.

The admission of exhibit A was prejudicially erroneous to plaintiff, Elma E. Porter.

For the foregoing reasons the judgment of the Court of Appeals should be affirmed.