JOHN W. PECK, Senior Circuit Judge.
 

 The issue presented in this appeal is whether jurisdiction over certain property lies in an Ohio domestic relations court or a federal bankruptcy court. The district court affirmed the bankruptcy court’s decision holding that the state court had not assumed jurisdiction over the property involved in this litigation. We reverse.
 

 In August, 1976, Mr. and Mrs. Washington sold their jointly owned home and received a check in both of their names for $5,977.07, evidencing their equity in the premises. Attached to the bank draft was a statement noting that the instrument represented proceeds from the sale of property located at 20715 Amherst Road, Warrens-ville Heights, Ohio.
 

 Mrs. Washington filed suit for divorce in an Ohio court five days after the house was sold. In her state court complaint, Mrs. Washington alleged that she and Mr. Washington were joint owners of the Amherst property, and, in her prayer for relief, she asked to be granted the “entire equity” in said property as alimony. She further alleged that she and her husband had acquired “two automobiles,” and demanded that she be granted “the 1972 Hornet Automobile” in her prayer. Mr. Washington was served with the complaint on September 4, 1976.
 

 On October 8, 1976, a little more than a month after the commencement of the divorce proceedings, Mr. Washington filed a petition in bankruptcy, listing the proceeds from the sale of the Amherst property and the 1972 Hornet automobile as assets. The bankruptcy trustee became aware that the check, which had been placed in the hands of Mr. Washington’s attorney, represented proceeds from the sale of the Amherst property at the first meeting of creditors.
 

 The following month, the trustee in bankruptcy filed a complaint to recover funds from Mr. Washington in which Mrs. Washington was named as a defendant because of her ostensible interest in the bank draft. Mrs. Washington moved to dismiss the complaint for lack of jurisdiction over the ’72 Hornet and the funds represented by the bank draft. She contended that the Ohio divorce court had exclusive jurisdiction over this property since the divorce complaint had been filed prior to the bankruptcy petition and the property had been specifically identified in her state court pleadings.
 

 The bankruptcy judge overruled Mrs. Washington’s motion, holding that the Ohio court had not acquired jurisdiction over the property in question. A short time later, the Ohio domestic relations court awarded Mrs. Washington her husband’s “interest” in both the proceeds of the sale of the Amherst property and the Hornet automobile. Mrs. Washington then appealed the bankruptcy judge’s decision to the district court relying as before upon Ohio’s
 
 lis pen-dens
 
 statute.
 
 [1]
 
 The district court affirmed on the grounds that (1) the doctrine of
 
 lis pendens
 
 had no application to the proceeds of the sale of the real estate because the complaint described property that had been sold prior to the commencement of the divorce proceedings, and (2)
 
 lis pendens
 
 did not apply to the ’72 Hornet since the court doubted that the doctrine applied to automobiles in Ohio. The court further held that the automobile in question was not sufficiently described in the divorce complaint. This appeal followed.
 

 It is a well settled rule that where property is claimed by a bankruptcy trustee after the commencement of an in rem action in state court, the state court retains
 
 *1171
 
 jurisdiction of the property for completion of the proceedings relating to it.
 
 Straton v. New,
 
 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931);
 
 Eyster v. Gaff,
 
 91 U.S. 521, 23 L.Ed. 403 (1876);
 
 Carney v. Sanders,
 
 381 F.2d 300 (5th Cir. 1967). While subject to some important exceptions not relevant here,
 
 [2]
 
 this rule is merely a specific application of the general rule that where two in rem or quasi in rem actions are brought, one in state court, the other in federal court, the first court to assume jurisdiction over the property which is the subject of the two suits may maintain and exercise jurisdiction to the exclusion of the other.
 
 Donovan v. Dallas,
 
 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409,
 
 rehearing denied,
 
 379 U.S. 871, 85 S.Ct. 14, 13 L.Ed.2d 77 (1964);
 
 Princess Lida of Thurn and Taxis v. Thompson,
 
 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939);
 
 Farmers’ Loan and Trust Co.
 
 v.
 
 Lake Street Elevated R. Co.,
 
 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667 (1900). The Supreme Court has deemed this rule “essential to the orderly administration of justice, and to prevent unseemly conflicts between courts . . ..”
 
 Farmers’ Loan, supra
 
 at 61, 20 S.Ct. at 568.
 

 The controversy in the present case has focused upon the application of Ohio’s
 
 lis pendens
 
 statute. Deeply rooted in the common. law doctrine of
 
 lis pendens,
 
 the Ohio statute operates to protect litigants from the
 
 pendente lite
 
 transfer to third persons of property that is the subject of litigation. Historically, this protection has been conditioned upon some form of notice sufficient to safeguard the interests of prospective purchasers. While some states require, by statute, formal notice to be filed in the public records, Ohio continues to follow the traditional rule that requires only that a description of the property appear in the pleadings.
 
 Cook v. Mozer,
 
 108 Ohio St. 30, 140 N.E. 590 (1923);
 
 Parker v. Parker,
 
 28 Ohio L.Abs. 49, 56 N.E.2d 527 (Ct.App.1938).
 

 The district court assumed that
 
 lis pen-dens
 
 principles control the resolution of this case. It expressed its belief that the doctrine is inapplicable to personal property in Ohio, and stated further that the property was not sufficiently described in the divorce complaint, even if the doctrine is applicable to personalty. Apparently, in so ruling, the district court relied, as does the appellee, on the oftstated rule that the prayer for relief constitutes no part of the pleading.
 
 See, e. g., Manney v. Manney,
 
 42 Ohio L.Abs. 153, 59 N.E.2d 755, 758 (Ct.App.1944).
 

 We note first that Ohio’s
 
 lis pendens
 
 statute does apply to personal property.
 
 See Sweigart v. Piqua Milling Co.,
 
 40 Ohio L.Abs. 398, 57 N.E.2d 327 (Ct.App.1943). We need not decide, however, whether the rule that averments contained in the prayer be disregarded when determining whether a cause of action has been stated,
 
 Tiffin Glass Co. v. Stoehr,
 
 54 Ohio St. 157, 163, 43 N.E. 279 (1896), likewise applies to a determination of whether there is a valid
 
 lis pendens, but see
 
 Rule 8(A), Ohio R.Civ.P. (“A pleading . . . shall contain . . . a demand for judgment . . ..”);
 
 Culver v. Rodgers,
 
 33 Ohio St. 537, 546 (1878) (“[T]he demand for relief forms part of the petition, yet it constitutes no part of the statement of facts constituting the cause of action.”);
 
 accord, Porter v. Norris,
 
 30 Ohio St.2d 255, 285 N.E.2d 14 (1972) (Corrigan, J., dissenting); and 6 Moore’s Federal Practice ¶ 54.62, at 1262 (2d ed. 1976) (“[T]he prayer for relief is an essential part of a pleading . . ., [though] it constitutes no part of the pleader’s cause of action.”);
 
 Parker v. Parker,
 
 28 Ohio L.Abs. 49, 56 N.E.2d 527, 532 (Ct.App.1938) (property de
 
 *1172
 
 scription contained in prayer for relief satisfies requirement that description appear in pleadings for in rem jurisdiction), for we do not believe the resolution of this case turns upon Ohio’s application of its
 
 lis pendens
 
 statute.
 

 . The cases do not suggest that the conflict between the jurisdiction of a .federal bankruptcy court and a state court is to be resolved by looking to the state law of
 
 lis pendens. See, e. g., Straton v. New,
 
 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931); and
 
 Eyster v. Gaff,
 
 91 U.S. 521, 23 L.Ed. 403 (1875). The reason is that in cases such as this, the rights in property between a litigant and a stranger to the litigation, both of whom claim an interest in the subject matter of the litigation, are not the crux of the matter. Rather, the focus is upon traditional notions of comity, which require that, as between state and federal courts, jurisdiction must be yielded to the court that first acquires jurisdiction over the property. In
 
 Princess Lida, supra,
 
 305 U.S. at 466, 59 S.Ct. at 280, the Court stated that this principle applies not only where property is judicially seized, but in all cases where, “to give effect to its jurisdiction, the court must control the property.” Thus, the only question before us is whether the Ohio domestic relations court assumed in rem jurisdiction over the ’72 Hornet automobile and the proceeds from the sale of the Amherst property, in some manner, pri- or to the institution of bankruptcy proceedings. We hold that it did.
 

 In Ohio, “[a]n action for alimony where the relief sought is the appropriation of property situated in the county where the action is brought is substantially one in rem.”
 
 Benner v. Benner,
 
 63 Ohio St. 220, 58 N.E. 569 (1900). It is clear that a specific description of property contained in the pleadings is sufficient to bring it within the in rem jurisdiction of Ohio courts in an action for alimony.
 
 Reed v. Reed,
 
 121 Ohio St. 188, 167 N.E. 684 (1929). There is court of appeals authority in Ohio, however, to the effect that this is not a necessary condition. In
 
 Dexter v. Taylor,
 
 47 Ohio Ops. 398, 107 N.E.2d 402 (Ct.App.),
 
 appeal dismissed,
 
 156 Ohio St. 182, 101 N.E.2d 502 (1951), it was held that property of a spouse within the territorial jurisdiction of a court is subject to that court’s in rem jurisdiction, even though the property is not described in the pleadings. This holding is in harmony with decisions of a number of other states, which reason that, where a state statute author rizes the courts to award alimony out of the property of a defendant spouse, a defendant who receives notice of an action for divorce and alimony is thereby put on notice that his property located within the state has been brought within the court’s jurisdiction and may be appropriated for the payment of alimony.
 
 See,
 
 e.
 
 g., McElroy v. McElroy,
 
 32 Cal.App.2d 828, 198 P.2d 683 (1948);
 
 Walker v. Manson,
 
 49 Idaho 468, 289 P. 86 (1930);
 
 Closson v. Closson,
 
 30 Wyo. 1, 215 P. 485 (1923);
 
 see generally
 
 10 A.L.R.3d 212, § 11 (1966).
 
 Parker v. Parker,
 
 28 Ohio L.Abs. 49, 56 N.E.2d 527 (Ct.App.1938). is to the contrary, but we believe
 
 Dexter, supra,
 
 is the better reasoned case. Moreover, even were we to view the
 
 Parker
 
 decision as representing the law in Ohio, it would be of little assistance to appellee, for the
 
 Parker
 
 court declared that a description of property found in the “prayer for relief” satisfies the requirement that the subject matter of the litigation be described in the pleadings.
 
 Id.
 
 at 532.
 

 Applying the rule found in
 
 Dexter v. Taylor, supra,
 
 the Ohio court acquired jurisdiction over the property at issue here upon service of process on Mr. Washington, without regard to any description thereof in the pleadings. Moreover, jurisdiction was also acquired under the
 
 Parker
 
 test. The automobile was specifically described as “the 1972 Hornet Automobile” in the prayer for relief. The prayer also asked for the “equity” in the Amherst real estate, which, when the divorce complaint was filed, consisted of the proceeds from its sale. The proceeds were evidenced by a bank draft, a negotiable instrument to which in rem jurisdiction may attach. In light of the fact that the bank draft contained a statement on its face that it represented the “net proceeds” or equity from the sale of the Amherst
 
 *1173
 
 property, and this equity was mentioned in the prayer, we believe there was sufficient notice that this property was the subject of the state court litigation to satisfy the
 
 Parker
 
 test for the exercise of in rem jurisdiction.
 

 We are convinced that the Ohio domestic relations court assumed jurisdiction over the property here in question prior to the commencement of bankruptcy proceedings upon any view of Ohio law. We hold, therefore, that jurisdiction properly lies in the Ohio court, and we reverse the district court.
 

 [1]
 

 . “When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against plaintiffs title.” Ohio Rev.Code Ann. § 2703.26 (Page).
 

 [2]
 

 . The bankruptcy court’s jurisdiction is exclusive with respect to assets of the bankrupt sequestered in state court proceedings within four months of the filing of bankruptcy where the state court proceeding involves an action for a lien, an assignment for creditors, a receivership, or state insolvency proceedings. See, e.
 
 g., Straton v. New,
 
 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931); 5 Remington on Bankruptcy §§ 2047 and 2048 (5th Ed. 1953). Although the bankruptcy proceeding in the instant case was instituted within one month from the filing of the divorce complaint, neither the district court nor the parties have suggested that this circumstance gives rise to exclusive jurisdiction over the property in the bankruptcy court.